UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00207-MTS |
| ) | |
| JEREMY J. JARMON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.  The Court notes that Defendant Lyft, Inc.'s Notice of Removal, Doc. [1], has failed to establish this Court's subject matter jurisdiction.[*]  *Compare, e.g.*, Doc. [1] ¶¶ 14, 16 (alleging certain parties are residents of particular states), *with Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction.  This rule is not new." (internal citation omitted)), *and Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.").  *Compare also, e.g.*, Doc. [1] ¶¶ 14, 16 (relying exclusively on the Petition's representations, which necessarily are limited only to

---

[*] This Memorandum and Order is not meant to address any procedural defects to removal that may be present here.  *See Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc) (explaining difference between defects that leave the district court without subject matter jurisdiction, which cannot be waived, and those objections to removal based on defects other than lack of subject matter jurisdiction, which can be waived).

the time of filing in state court), *with Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) ("For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court."), *and Reece*, 760 F.3d at 777 (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").

If Defendant Lyft, Inc. can establish this Court's subject matter jurisdiction, Defendant must file an amended notice of removal that does so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday**, **March 07, 2025**, Defendant Lyft, Inc. must file an amended notice of removal that establishes this Court's subject matter jurisdiction. Failure to do so will result in the remand of this action.

Dated this 28th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE