UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICOLE ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-cv-00207-MTS |
| | ) |
| JEREMY J. JARMON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Lyft, Inc. ("Lyft")'s Motion to Compel Arbitration. Doc. [10]. The Court has thoroughly reviewed Lyft's Memorandum in Support of the Motion, Plaintiff Nicole Rose's Response in Opposition, and Lyft's Reply thereto. The Court concludes that Lyft's Motion should be granted. *See Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 741–42 (8th Cir. 2014) (providing standard of review).

\*

Plaintiff entered into an agreement with Lyft that contained an arbitration provision. The agreement delegated arbitrability questions to the arbitrator. Thus, Plaintiff can "only challenge the formation of the contract or the specific validity of the delegation provision." *Toth v. Everly Well, Inc.*, 118 F.4th 403, 410 (1st Cir. 2024). Plaintiff has failed to do either. First, the contract was valid. *See Quam Const. Co. v. City of Redfield*, 770 F.3d 706, 708 (8th Cir. 2014) (noting state contract law governs whether an arbitration agreement is valid); *EM Med., LLC v. Stimwave LLC*, 626 S.W.3d 899, 907 (Mo. Ct. App. 2021) ("The elements required to form a valid contract in Missouri are offer, acceptance,

and bargained for consideration."); *Williams v. Insomnia Cookies, LLC*, 715 F. Supp. 3d 1205, 1212 (E.D. Mo. 2024) (applying Missouri law and finding that the plaintiff clicking "ACCEPT" showed arbitration agreement "was offered, there was consideration, and [the plaintiff] accepted it"); *see also* 9 U.S.C. § 2 (providing for validity, irrevocability, and enforcement of agreements to arbitrate).

Second, the delegation of arbitrability provision is not unconscionable under Missouri law. *See Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 433 (Mo. banc 2015) (explaining that, in determining unconscionability, Missouri courts look to "both the procedural and substantive aspects of a contract to determine whether, considered together, they make the agreement or provision in question unconscionable"); *Robinson v. Title Lenders, Inc.*, 364 S.W.3d 505, 515 (Mo. banc 2012) (explaining an arbitration agreement in a consumer contract is not invalid "simply because it is contained in a contract of adhesion or because the parties had unequal bargaining power"); *see also Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 118 (2d Cir. 2025) ("Plaintiffs must show why allowing an arbitrator—as opposed to a court—to decide the question of arbitrability would be unconscionable."); *Toth*, 118 F.4th at 410 (finding delegation provision was not "itself unfair" and did not "somehow restrict [defendant's] ability to challenge the validity of the arbitration agreement before an arbitrator"). Thus, pursuant to the parties' contract, Plaintiff's claim "should be sent to an arbitrator to determine whether those claims are arbitrable." *Davitashvili*, 131 F.4th at 118–19; *accord Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 71 (2019).

Finally, contrary to Plaintiff's argument, Lyft did not waive the arbitration provision by removing this action to federal court—that is, by simply exercising its statutory right to

a federal forum. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) ("[R]emoval alone d[oes] not amount to implicit waiver of [the] right to arbitrate."); *see also Bryce v. SP Plus Corp.*, 741 F. Supp. 3d 385, 397 (E.D. Va. 2024); *cf. Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (discussing the "absolute" statutory right to remove an action to a proper federal court, provided the requirements of the removal statute are met).

\* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lyft, Inc.'s Motion to Compel Arbitration, Doc. [10], is **GRANTED**. This action as to Defendant Lyft, Inc. is **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that Defendant Lyft, Inc.'s unopposed\* Motion to Stay, Doc. [39], is **GRANTED**. Defendant Jeremy J. Jarmon's Crossclaim against Defendant Lyft, Inc. is **STAYED** pending the outcome of Plaintiff Nicole Rose's arbitration with Defendant Lyft, Inc.

**IT IS FINALLY ORDERED** that Plaintiff and Defendant Lyft, Inc. shall provide a status update on the progression of arbitration no later than **Friday**, **August 15, 2025**, and every three (3) months thereafter.

Dated this 15th day of May 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

\* *See* E.D. Mo. L.R. 4.01(B).